ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| Héctor Rodríguez Blázquez<br><br>Peticionario<br><br>V.<br><br>Juan M. Colón Rivera, Et. Als.<br><br>Recurridos | **KLCE202401249** | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Núm. MZ2021CV00119<br><br>Sobre: Persecución Maliciosa |
|---|---|---|

Panel integrado por su presidente, el Juez Bonilla Ortiz, el Juez Pagán Ocasio y la Jueza Santiago Calderón

Bonilla Ortiz, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico a 9 de enero de 2025.

Comparece ante este foro, el Sr. Héctor Rodríguez Blázquez (señor Rodríguez o "el peticionario") y nos solicita que revisemos una *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Mayagüez, notificada el 30 de octubre de 2024. Conforme surge de la *Minuta* del juicio en su fondo, el foro primario le impuso al peticionario una sanción económica de mil dólares ($1,000.00) a favor de cada uno de los once (11) codemandados.

Por los fundamentos que se exponen a continuación, **EXPEDIMOS** auto de *certiorari* y **REVOCAMOS** la determinación recurrida para **MODIFICAR** la misma.

### I.

A continuación, resumimos los hechos pertinentes para la disposición del recurso, los cuales surgen del

---

[1] Véase Orden Administrativa OATA 2023-0221.

expediente ante nuestra consideración y del *Sistema Unificado de Manejo y Administración de Casos* (SUMAC).

El 29 de enero de 2021, el señor Rodríguez presentó una *Demanda* sobre daños y perjuicios por persecución maliciosa y difamación en contra del Sr. Roberto Vázquez Ramos, su esposa la Sra. Irma Rivera Ramos y la Sociedad Legal de Gananciales compuesta por ambos; del Sr. Juan M. Colón Rivera, su esposa la Sra. Nydia E. Irizarry Martínez y la Sociedad Legal de Gananciales compuesta por ambos; del Sr. Javier Colón Irizarry; del Sr. Luis Muñiz Colón; Advanced Urology Group, LLC; West Urology Group, PSC; y Caribbean Urocentre, CSP (en conjunto, "los recurridos").[2]

En esencia, el señor Rodríguez esbozó que los recurridos presentaron una *Demanda* en su contra en la Corte Federal para el Distrito de Puerto Rico por prácticas monopolísticas con alegaciones falsas de que rindió servicios médicos inferiores. A su vez, que acudieron a medios de comunicación para repetir los supuestos alegatos infundados. Como consecuencia, solicitó una indemnización de dos (2) partidas de no menos de quinientos mil dólares ($500,000.00) cada una por los daños resultantes de la persecución maliciosa y por la difamación, respectivamente.

El 19 y 27 de abril de 2021, los recurridos radicaron sus contestaciones a la *Demanda*.[3]

Luego de innumerables incidentes procesales, el 31 de enero de 2024, siendo notificada en la *Minuta* del 29 de febrero de 2024, fue llevada a cabo la *Conferencia*

---

[2] *Demanda*, págs. 1-11 del apéndice del recurso.
[3] *Contestación a Demanda*, págs. 93-103, 110-117 del apéndice del recurso.

*con Antelación a Juicio*.[4] En esta, discutieron el *Informe de Conferencia con Antelación al Juicio*, el cual fue presentado por las partes el 25 de enero de 2024.[5] A su vez, el foro primario indicó que el descubrimiento de prueba había finalizado, y estaban pendiente de la determinación del Tribunal de Apelaciones para celebrar el juicio en su fondo.

Asimismo, luego de varias incidencias procesales, el 25 de junio de 2024, siendo notificada el 27 de junio de 2024, el foro recurrido notificó *Orden Instrucciones para Juicio en su Fondo de Manera Presencial*.[6] Mediante la cual, dispuso que el juicio en su fondo sería celebrado los días 23 y 24 de octubre de 2024. A su vez, indicó que las partes debían cumplir con lo siguiente:

> Las partes deberán reunirse con TODA la prueba, marcada y preparar un índice preliminar de prueba, un plan preliminar del orden en que se presentarán los testigos y unas carpetas que contengan toda la prueba **debidamente marcada** que entregarán al Tribunal al menos **10 días** laborables antes del Juicio. La prueba será subida a la plataforma SUMAC al menos **10 días** laborables antes del Juicio, so pena de suspensión y pago de arancel.
>
> Las partes escanearán todos los documentos y los archivarán en un **"pen drive"** y entregarán el mismo junto con la carpeta que contiene toda la prueba y los índices.
>
> […]
>
> Si algún testigo se encuentra fuera de la Jurisdicción de Puerto Rico o se le imposibilita comparecer de manera presencial deberá presentar una moción en el término de cinco (5) días antes de la fecha de la vista informando la dirección del correo electrónico a donde se le enviará la invitación o enlace para acceder a la

---

[4] *Conferencia con Antelación a Juicio*, págs. 1156-1157 del apéndice del recurso.
[5] *Informe de Conferencia con Antelación al Juicio,* págs. 1092-1123 del apéndice del recurso.
[6] *Orden Instrucciones para Juicio en su Fondo de Manera Presencial,* págs. 1277-1279 del apéndice del recurso.

vista. La videoconferencia es el equivalente a una vista presencial en el Tribunal por lo que los (las) abogados(as) y partes deberán observar las normas de comportamiento y rigor en la discusión de los asuntos con la solemnidad acostumbrada.

El 16 de octubre de 2024, el peticionario presentó una *Moción Urgente Solicitando Suspensión del Juicio por la Seguridad del Demandante estar en Peligro*.[7] Mediante la cual, esbozó que su hijo fue víctima de un intento de secuestro y robo, por lo que, las agencias estatales y federales que estaban investigando dicho caso, le informaron que hacerle daño al peticionario era parte del esquema que dio lugar al incidente. Por ello, indicó que la recomendación de las autoridades era que, por su seguridad y la de su familia, saliera de la jurisdicción de Puerto Rico. Así pues, solicitó la suspensión del juicio al no estar disponible para las fechas pautadas.

El 17 de octubre de 2024, el foro recurrido notificó una *Resolución Suspensión de Juicio y Orden*,[8] en la cual determinó lo siguiente:

> Por lo antes expuesto en el escrito presentado, este Tribunal permitirá la comparecencia de la parte demandante mediante video conferencia para asegurar su seguridad. El juicio en su fondo está pautado para el 23 y 24 de octubre de 2024 a las 9:00 a.m. de manera híbrida. Se autoriza a la parte demandante a comparecer mediante video conferencia.
>
> Se ordena a la parte demandante a proveer su correo electrónico para realizar la conexión mediante la plataforma ZOOM. Tenga 2 días.

No obstante, el 18 de octubre de 2024, el peticionario presentó una *Moción en Reacción a "Resolución Suspensión de Juicio y Orden" SUMAC Núm.*

---

[7] *Moción Urgente Solicitando Suspensión del Juicio por la Seguridad del Demandante estar en Peligro,* págs. 1296-1297 del apéndice del recurso.
[8] *Resolución Suspensión de Juicio y Orden*, págs. 1308-1310 del apéndice del recurso.

*230*.[9] Alegó que, el foro *a quo* no tenía discreción ni autoridad para ordenarle que compareciera de forma virtual, puesto que, se estaba limitando su derecho a estar presente en el juicio, participar y asistir a sus abogados durante todo el proceso.

El 21 de octubre de 2024, el foro primario notificó una *Resolución Interlocutoria*,[10] mediante la cual declaró *No Ha Lugar* a la solicitud de suspensión de juicio.

En la misma fecha, el peticionario presentó un recurso de *certiorari* junto con una moción en auxilio de jurisdicción ante este Foro, bajo el recurso KLCE202401139,[11] no obstante, la moción de auxilio fue denegada.[12]

Así las cosas, el 23 de octubre de 2024, siendo notificada su *Minuta* el 30 de octubre de 2024,[13] fue celebrado el juicio en su fondo, donde comparecieron los representantes legales del peticionario y los representantes legales de los recurridos, incluyéndolos a ellos. No obstante, el señor Rodríguez no se presentó por videoconferencia, lo que había ordenado el foro primario, para salvaguardar su seguridad. A su vez, el foro *a quo* indicó que el peticionario había incumplido con la *Orden* del 25 de junio de 2024. Luego de escuchar a las partes, el tribunal determinó que no había escuchado una razón válida en cuanto a la ausencia del peticionario, ni para suspender el juicio. Por ello, entre otros asuntos, le impuso al señor Rodríguez una

---

[9] *Moción en Reacción a "Resolución Suspensión de Juicio y Orden" SUMAC Núm. 230*, págs. 1311-1315 del apéndice del recurso.
[10] *Resolución Interlocutoria*, págs. 1321-1322 del apéndice del recurso.
[11] *Moción Informativa sobre Certiorari*, págs. 1218-1320 del apéndice del recurso.
[12] *Notificación Resolución del Tribunal de Apelaciones y Resolución*, págs. 1339-1340 del apéndice del recurso.
[13] *Minuta*, págs. 1362-1365 del apéndice del recurso.

sanción económica de mil dólares ($1,000.00) a favor de cada uno de los codemandados.

En desacuerdo, el 12 de noviembre de 2024, el señor Rodríguez presentó una *Moción de Reconsideración*.[14] En esta, indicó que -en la misma fecha- presentó una moción de desistimiento con perjuicio, poniendo fin al proceso. A su vez, que había mediado justa causa para que no compareciera al juicio. Añadió que, su incumplimiento no causó daño a los recurridos, puesto que, la representación legal de los recurridos habían indicado que contaban con los documentos que se iban a presentar. Finalmente, esbozó que la sanción impuesta no era razonable y no guardaba proporción con las sanciones impuestas a los recurridos. Arguyó que, dicha sanción era contraria a las disposiciones de la Regla 44.2 de Procedimiento Civil, debido a que, la sanción debía ingresar en el Fondo Especial de la Rama Judicial, y no a favor de los recurridos.

El 13 de noviembre de 2024, el foro primario notificó una *Resolución a Reconsideración y Orden*.[15] En esta, reiteró que el peticionario y sus representantes legales incumplieron con las órdenes emitidas, aun cuando tenían conocimiento de los términos establecidos. Indicó que, no fue hasta el 16 de octubre de 2024 que el señor Rodríguez solicitó la suspensión del juicio, habiendo transcurrido tres (3) días para que presentaran la prueba para el juicio, incumpliendo con la orden notificada el 27 de junio de 2024. Añadió que, el peticionario desafió las órdenes del Tribunal al tampoco

---

[14] *Moción de Reconsideración*, págs. 1513-1519 del apéndice del recurso.
[15] *Resolución a Reconsideración y Orden*, págs. 1522-1526 del apéndice del recurso.

comparecer mediante videoconferencia, no mostrar justa causa. Por ello, declaró *No Ha Lugar* a la solicitud de reconsideración, y ordenó a que realizara el pago de mil dólares ($1,000.00) para cada recurrido.

Aun inconforme, el 18 de noviembre de 2024, el peticionario presentó el recurso de *certiorari*, mediante el cual sostuvo que el foro primario cometió los siguientes errores:

> ERRÓ EN DERECHO EL TPI AL IMPONERLE UNA SANCIÓN ECONÓMICA AL DEMANDANTE A FAVOR DE CADA UNO DE LOS DEMANDADOS, ESTO A PESAR DE QUE NUESTRO ORDENAMIENTO JURÍDICO ESTABLECE CLARAMENTE QUE TODA SANCIÓN INTERLOCUTORIA ES A FAVOR DEL ELA Y NO DE LAS PARTES CONTRARIAS EN UN CASO.
>
> ERRÓ EL TPI AL IMPONERLE UNA SANCIÓN EXCESIVA AL DEMANDANTE DE $11,000.00 POR INCUMPLIR CON UNA ORDEN DEL TRIBUNAL QUE, NO SOLO NO PROCEDERÍA EN DERECHO, SINO QUE LE VIOLABA LOS DERECHOS CONSTITUCIONALES AL DEMANDANTE.

El 4 de diciembre de 2024, emitimos una *Resolución*, concediéndole quince (15) días, desde la presentación del recurso, a los recurridos para que presentaran su posición.

El 8 de enero de 2024, los recurridos presentaron su oposición al recurso. En esencia, solicitan que se deniegue el recurso de *certiorari*, puesto que, el foro primario no actuó con prejuicio o parcialidad, ni incurrió en craso abuso de discreción o error manifiesto.

Con el beneficio de la comparecencia de las partes, procedemos a disponer del recurso de epígrafe.

**II.**

**-A-**

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede

revisar, a su discreción, una decisión de un tribunal inferior. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros,* 2023 TSPR 65, 212 DPR ___ (2023). Véase, además: *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León Corp. v. AIG*, 205 DPR 163, 174 (2020); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009). En particular, es un recurso mediante el cual se solicita la corrección de un error cometido por un foro inferior. *Torres González v. Zaragoza Meléndez,* supra. Así pues, la determinación de expedir o denegar un recurso de *certiorari* está enmarcada en la discreción judicial. *800 Ponce de León Corp. v. AIG*, supra. No obstante, la discreción judicial para expedir o no el auto de *certiorari* solicitado no ocurre en un vacío ni en ausencia de unos parámetros. *Torres González v. Zaragoza Meléndez*, supra.

A esos efectos, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, limita la autoridad de este Tribunal de Apelaciones para revisar las órdenes y resoluciones interlocutorias que dictan los tribunales de instancia por medio del recurso discrecional del *certiorari*. *Scotiabank of PR v. ZAF Corp.*, 202 DPR 478, 486-487 (2019). En lo pertinente, la precitada disposición reglamentaria, *supra*, dispone que:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos

relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia, al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Si ninguno de esos elementos está presente en la petición ante la consideración del Tribunal, procede abstenerse de expedir el auto, de manera que se continúen los procedimientos del caso, sin mayor dilación, ante el Tribunal de Primera Instancia. *García v. Asociación*, 165 DPR 311, 322 (2005); *Meléndez Vega v. Caribbean Intl. News*, 151 DPR 649, 664 (2000); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari*. *Torres González v. Zaragoza Meléndez*, supra. En lo pertinente, la precitada disposición reglamentaria dispone lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari*, o de una orden de mostrar causa:

A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Nótese que, distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional, debemos utilizarlo con cautela y por razones de peso. *Pueblo v. Díaz de León*, supra, pág. 918.

Ahora bien, nuestro Tribunal Supremo ha reiterado que la discreción significa poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009); *García v. Padró*, 165 DPR 324, 334 (2005). El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago,* 125 DPR 203, 211 (1990). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *Pueblo v. Rivera Santiago*, supra, pág. 581; *SLG Flores, Jiménez v. Colberg*, 173 DPR 843 (2008).

-B-

En nuestro ordenamiento procesal civil existen varias reglas que confieren autoridad a los tribunales para imponer sanciones. *HRS Erase, Inc. v. Centro Médico*

*del Turabo, Inc.*, 205 DPR 689 (2020). En particular, las Reglas 37.7 y 44.2 de Procedimiento 32 LPRA Ap. V, R. 37.3 y R.44.2, regulan la imposición de sanciones en la litigación civil.

La Regla 37.7 de Procedimiento Civil, *supra*, dispone que, si una parte o su abogado(a) incumple con los términos y señalamientos de la Regla 37.3 de Procedimiento Civil, *supra*, o incumple con cualquier orden del tribunal para el manejo del caso, sin que medie justa causa, entonces el tribunal impondrá a la parte o a su abogado la sanción económica que corresponda. Por lo que, el dinero recaudado ingresaría al Fondo de Acceso a la Justicia. *Pérez Torres v. Acad. Perpetuo Socorro*, 182 DPR 1016, 1026 (2011).

Por otro lado, la Regla 44.2 de Procedimiento Civil, *supra*, autoriza al tribunal a imponer costas interlocutorias a las partes o sanciones económicas a las partes o sus abogados en todo caso o en cualquier etapa de los procedimientos si éstos incurren en "demora, inacción, abandono, obstrucción o falta de diligencia en perjuicio de la eficiente administración de la justicia". En específico, la aludida regla dispone lo siguiente:

> El tribunal podrá imponer costas interlocutorias a las partes y sanciones económicas, en todo caso y en cualquier etapa, a una parte o a su representante legal por conducta constitutiva de demora, inacción, abandono, obstrucción o falta de diligencia en perjuicio de la eficiente administración de la justicia. El pago por tales conceptos se llevará a cabo por medios electrónicos o cualquier otro método o instrumento que el Juez Presidente o la Jueza Presidenta del Tribunal Supremo adopte, en coordinación con el Secretario o la Secretaria de Hacienda. **Las cantidades recaudadas por sanciones económicas impuestas a las partes o a sus abogados o abogadas ingresarán en el Fondo Especial de**

**la Rama Judicial** creado mediante la Ley Núm. 235 de 12 de agosto de 1998, según enmendada, para ser utilizados de la forma y para los fines allí expuestos.

Las sanciones económicas que el tribunal imponga al Estado Libre Asociado de Puerto Rico o a sus agencias, corporaciones o dependencias se concederán a favor de la parte contraria en el pleito. (Énfasis nuestro).

Como puede observarse, la precitada regla no permite que la sanción impuesta a una parte sea pagadera a la parte contraria en el pleito. "La actual Regla 44.2 solo concede tal instancia cuando la sanción se le impone al Estado". *Pérez Torres v. Acad. Perpetuo Socorro*, supra, pág. 1029.

### III.

En el caso de autos, el señor Rodríguez presenta dos (2) señalamientos de error que cometió el foro primario. En el primero, alega que incidió el foro primario al imponerle una sanción económica a favor de cada uno de los demandados, puesto que, dicha sanción debía ir dirigida a favor del Estado Libre Asociado (ELA). En su segundo señalamiento de error, sostiene que la sanción impuesta es excesiva, puesto que, sólo incumplió con una orden del tribunal. En el primer señalamiento, el peticionario señala que nuestro ordenamiento jurídico establece que cuando se impone una sanción interlocutoria es a favor del ELA y tiene que ingresar en el Fondo Especial de la Rama Judicial. Por ello, reitera que la actuación del foro recurrido fue contraria en derecho, y se debe revocar la orden.

En cuanto al segundo señalamiento de error, manifiesta que el foro primario le impuso una sanción de mil dólares ($1,000.00) por no haber comparecido al juicio, dicha cantidad dirigida a cada uno de los

recurridos, para un total de once mil dólares ($11,000.00). No obstante, sostiene que no compareció por estar fuera de la jurisdicción, además que había solicitado la posposición del juicio, aunque esta había sido denegada y la orden del tribunal fue que compareciera mediante videoconferencia. Finalmente, manifiesta que logró demostrar justa causa y la cuantía impuesta no era razonable, ni guardaba relación con las sanciones impuestas a los recurridos, quienes constantemente incumplen con las órdenes del Tribunal.

Evaluado el recurso y los argumentos presentados por las partes, resolvemos que erró el foro primario al imponer una sanción económica dirigida a los recurridos, a su vez, que dicha cantidad es excesiva.

Conforme dispone nuestro ordenamiento jurídico, los foros primarios ostentan autoridad y discreción para imponer sanciones económicas a una parte o a su abogado, cuando incumplen con cualquier orden del tribunal para el manejo del caso, sin que medie justa causa. *HRS Erase, Inc. v. Centro Médico del Turabo, Inc.*, supra; *Pérez Torres v. Acad. Perpetuo Socorro*, supra. Por ello, la Regla 44.2 de Procedimiento Civil, *supra*, autorizó a los tribunales a imponer sanciones económicas a las partes o sus abogados en todo caso o en cualquier etapa de los procedimientos si éstos incurren en "demora, inacción, abandono, obstrucción o falta de diligencia en perjuicio de la eficiente administración de la justicia". A su vez, dicha Regla dispone que "[l]as cantidades recaudadas por sanciones económicas impuestas a las partes o a sus abogados o abogadas ingresarán en el Fondo Especial de la Rama Judicial creado mediante la Ley Núm. 235 de 12 de agosto de 1998, según enmendada".

En el caso de autos, el foro primario le permitió al señor Rodríguez comparecer mediante videoconferencia al juicio en su fondo, para asegurar su seguridad. No obstante, el día del juicio, el peticionario no compareció, ni mostró justa causa, por lo que, incumplió con la orden del tribunal. Es por ello, que el foro primario le impuso una sanción económica de mil dólares ($1,000.00) a favor de cada uno de los once (11) codemandados.

No obstante, aunque reconozcamos que el foro recurrido tiene amplia discreción para atender los casos ante su consideración e imponer las sanciones que estime necesarias, en este caso la sanción impuesta es algo excesiva. Además, no están presentes circunstancias que demuestren total abandono del trámite por parte del peticionario. De igual forma, en comparación con sanciones económicas impuestas anteriormente, esta resulta irrazonable.

Por ello, concluimos que incidió el Tribunal de Primera Instancia al imponerle una sanción de mil dólares ($1,000.00) dirigidos a cada uno de los demandados. Lo prudente en estas circunstancias es una sanción de doscientos cincuenta dólares ($250.00) por cada uno de los ocho (8) codemandados que estuvieron presente en la primera fecha del juicio, entiéndase, el 23 de octubre de 2024, para un total de dos mil dólares ($2,000.00) y continuar con el trámite del caso.[16] Sin embargo, la cantidad recaudada por dicha sanción económica ingresará al Fondo Especial de la Rama

---

[16] Según surge de la *Minuta* del Juicio en su Fondo, 23 de octubre de 2024, los demandados que comparecieron fueron: los doctores Luis Muñiz Colón, Roberto Vázquez Ramos, West Urology Group, Irma Rivera Ramos, Nydia Irizarry y Caribbean Urocentre, el Dr. Javier Colón Irizarry, y Advanced Urology Group, LLC.

Judicial creado mediante la Ley Núm. 235 de 12 de agosto de 1998, y no irá dirigido a los codemandados.

**IV.**

Por los fundamentos antes expuestos, **EXPEDIMOS** el auto de *certiorari* y **REVOCAMOS** el dictamen recurrido a los efectos de **MODIFICAR** la sanción económica de $1,000.00 a $250.00 por cada uno de los ocho codemandados que compareció a la primera vista del juicio, para un total de $2,000.00 de sanción económica a ser pagado por el peticionario al Fondo Especial de la Rama Judicial. En consecuencia, devolvemos el caso al Tribunal de Primera Instancia, para la continuación de los procedimientos de conformidad con lo aquí resuelto.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones